UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FABIENNE ZANON, | Case No. 2:20-CV-2080 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| BEAUTY BY DESIGN, et al.,, | |
| Defendant(s). | |

Presently before the court are defendants Dr. Robert Troell, Robert Troell M.D. Ltd., and Beauty by Design's motion to dismiss (ECF No. 4) and Dr. David Malitz, David Malitz M.D. PC, and Vegas Surgery Center, LLC dba Red Rock Surgery Center's motion to dismiss (ECF No. 9).

Plaintiff Fabienne Zanon responded in opposition to both motions (ECF No. 12) to which both sets of defendants replied (ECF Nos. 15, 17). Defendants Dr. Robert Troell, Robert Troell M.D. Ltd., and Beauty by Design filed joinders to the Malitz defendants' motion to dismiss (ECF No. 14) and reply (ECF No. 16).

**I.  BACKGROUND**

This medical malpractice case is about a "mommy makeover" gone wrong. (Compl., ECF No. 1-1 ¶ 7). Fabienne Zanon traveled from Switzerland to Las Vegas seeking the plastic surgery services of cosmetic center Beauty by Design and its owner Dr. Troell. (*Id.* ¶ 11). Dr. Troell, who styles himself as a "world renowned" plastic surgeon, agreed to perform a breast lift, liposuction, and tummy tuck at the Red Rock Surgery Center for $40,000 in up-front cash. (*Id.* ¶ 7; *see also* Dr. Brahme Decl., ECF No. 1-1 at 10; ECF No. 1-1 at 18). The business relationship between Beauty by Design and Red Rock Surgery

**James C. Mahan**
**U.S. District Judge**

Center—owned and operated by Dr. David Malitz—is unclear to Zanon.  It is "some sort of joint venture relationship" where Red Rock Surgery Center "looks the other way" and allows cash payments for "major procedures to be performed at its facility by Dr. Troell" that are not allowed under its outpatient surgical facility license.  (ECF No. 1-1 ¶¶ 8, 11).

Zanon had a "horrific result, cosmetically, and had horrible infections" after Dr. Troell's procedure.  (ECF No. 1-1 ¶ 9).  Dr. Troell then maliciously discouraged her from seeking further treatment to protect himself "from another lawsuit and trouble with the state licensing board."  (*Id.*).  The infections worsened and Zanon underwent "intensive IV antibiotic treatment for sepsis."  (*Id.*).

Zanon inartfully brings claims for professional negligence and fraudulent misrepresentation.  (*Id.* ¶ 12; *see also* ECF No. 9 at 5 ("Zanon does not specifically enumerate her claims/causes of action.")).  Attached to Zanon's complaint is an expert declaration from board-certified plastic surgeon Dr. Johan E. Brahme in support of her professional negligence claim.  (ECF No. 1-1 at 10).  Dr. Brahme opines that Dr. Troell's "medical care provided during both the abdominoplasty and mammyplasty" were "below the standard of care."  (*Id.*).

After removing this case to federal court, the two sets of defendants now move to dismiss, arguing that Dr. Brahme's expert declaration does not "support" Zanon's allegations and does not "*specifically* identify" the negligent actions of Dr. Troell and, for that matter, each defendant as required by NRS 41A.071.  (ECF No. 4 at 3–5 (emphasis added); *see also* ECF No. 9 at 5–7 ("Dr. Brahme does not attest to any facts attributable to anyone other than Dr. Troell.")).

The gravamen of Zanon's allegations is "based on a post-operative infection and post-operative care" which are not mentioned by Dr. Brahme.  (ECF No. 4 at 3).  "Dr. Brahme's only criticisms" are that Dr. Troell performed an "extremely aggressive liposuction" and injected "too much fat into each breast."  (*Id.*).  Defendants allege that the court is required to dismiss Zanon's professional negligence claim without prejudice based on the defective declaration.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Defendants also move to dismiss for failure to plead fraudulent misrepresentation with the heightened particularity required by Rule 9. They allege that Zanon merely "quotes purported statements from Beauty by Design's marketing" (ECF No. 4 at 6) which are "nothing more than puffery" and "aspirational in nature." (ECF No. 9 at 2, 5).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires every complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Although Rule 8 does not require detailed factual allegations, it does require more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, a complaint must have *plausible* factual allegations that cover "all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citation omitted) (emphasis in original); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

The Supreme Court in *Iqbal* clarified the two-step approach to evaluate a complaint's legal sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678–79. Legal conclusions are not entitled to this assumption of truth. *Id.* Second, the court must consider whether the well-pleaded factual allegations state a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the court can draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. When the allegations have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith or dilatory motive on

James C. Mahan
U.S. District Judge

- 3 -

1   the part of the movant, repeated failure to cure deficiencies by amendments . . . undue
2   prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371
3   U.S. 178, 182 (1962).

### III. DISCUSSION

#### A. Medical Expert Declaration

Defendants argue that the medical expert declaration attached to Zanon's complaint is defective under NRS 41A.071. (ECF No. 9). Under Nevada law, a professional negligence claim must be supported by a medical expert affidavit. Nev. Rev. Stat. § 41A.071 ("Dismissal of action filed without affidavit of medical expert"). The affidavit must "(1) [support] the allegations contained in the action; (2) [be] submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged professional negligence; (3) [identify] by name, or [describe] by conduct, each provider of health care who is alleged to be negligent; and (4) [set] forth factually a specific act or acts of alleged negligence separately as to each defendant in simple, concise and direct terms." *Id.* The statute aims to prevent baseless medical malpractice claims. *Zohar v. Zbiegien*, 334 P.3d 402, 405–06 (Nev. 2014).

Although the affidavit and complaint must be read together, the affidavit will flout NRS 41A.071 if it lacks defendant names and conduct attributable to each defendant. *Alemi v. Eighth Jud. Dist. Ct. of State*, 132 Nev. 938 (2016) (table decision). A defective affidavit renders the complaint void ab initio and it cannot be amended. *Washoe Med. Ctr. v. Second Jud. Dist. Ct. of State of Nev. ex rel. Cty. of Washoe*, 148 P.3d 790, 794 (Nev. 2006). That is, the court must dismiss the professional negligence action without prejudice. Nev. Rev. Stat. § 41A.071.

The Nevada Supreme Court has held that NRS 41.A071 is a procedural statute. *See Zohar*, 334 P.3d at 406 (describing NRS 41A.071 as a "preliminary procedural rule" that "enables the trial court to determine whether the medical malpractice claims within the complaint have merit"); *see also Borger v. Eighth Jud. Dist. Ct. ex rel. Cty. of Clark*, 102

**James C. Mahan**
**U.S. District Judge**

- 4 -

P.3d 600, 605 (Nev. 2004) (holding that NRS 41A.071 "governs the threshold requirements for initial pleadings in medical malpractice cases, not the ultimate trial of such matters").

Consistent with these rulings, and after conducting an *Erie* analysis, Judge Boulware granted leave to amend a complaint without an expert affidavit. *Banner v. Las Vegas Metro. Police Dep't*, No. 2:16-cv-01717-RFB-CWH, 2017 WL 4819102, at *2 (D. Nev. Oct. 24, 2017). Judge Boulware ruled that "the portion of [NRS 41A.071] which states that the action shall be dismissed without prejudice, and Nevada law which denies leave to amend, functions mainly as a procedural rule." *Id.* The statute's unwavering dismissal requirement conflicts with the liberal amendment policy of Federal Rule of Civil Procedure 15. *Id.* at *3.

Thus, despite the parties not briefing this issue, the court will follow its past practice and these authorities and decline to dismiss Zanon's professional negligence claim under NRS 41A.071. *Mahe v. NaphCare, Inc.*, No. 2:16-cv-736-JCM-PAL, 2016 WL 6806334, at *4 (D. Nev. Nov. 15, 2016) (ruling that NRS 41A.071 "governs actions for professional negligence filed in state court, not negligence actions filed in federal court").

Even if the court did apply NRS 41A.071, the declaration is not clearly defective as defendants allege. This is especially true since it is unclear from the complaint which defendants are being sued for medical malpractice and under what theory of liability.[1]

Zanon apparently is seeking to hold the Malitz defendants liable for Dr. Troell's direct negligence on joint venture, alter ego, or agency-type theories. (ECF No. 1-1 ¶¶ 7–8). Thus, Dr. Brahme opines on the alleged negligence of Dr. Troell only because he was the "provider of health care" that conducted the medical procedure. Nev. Rev. Stat. § 41A.071(3). Dr. Brahme cannot "set forth factually a specific act or acts of alleged negligence separately as to" the remaining defendants. *Id.* § 41A.071(4). The affidavit

---

[1] Zanon's opposition to dismissal sheds some much needed light on her theory of the case. For example, she argues that "[Red Rock Surgery Center's] staff were part of [Dr. Troell's] health care team" and "as part of the health care team," Red Rock Surgery Center was "required (as their website proclaims) to ensure that the standard of care was met during procedures performed at their facility" which includes "a duty to perform due diligence to ensure that only qualified physicians, performing up to the standard of care, are utilizing their facilities (as their website also proclaims)." (ECF No. 12 at 3, 6). These allegations must be well-pleaded in an amended complaint.

**James C. Mahan**
**U.S. District Judge**

- 5 -

describes Dr. Troell's alleged negligence with sufficient specificity because NRS 41A.071(4) requires "simple, concise and direct terms." *Id.* Defendants' motions to dismiss under NRS 41A.071 are DENIED.

### B. Fraudulent Misrepresentation Claim

To state a claim for fraudulent misrepresentation, the plaintiff must plausibly allege that "(1) defendant made a false representation; (2) defendant knew or believed the representation to be false; (3) defendant intended to induce plaintiff to rely on the misrepresentation; and (4) plaintiff suffered damages as a result of his reliance." *Larson v. Homecomings Fin., LLC*, 680 F. Supp. 2d 1230, 1235 (D. Nev. 2009). The claim must be pled with particularity under Rule 9(b). *Id.* at 1234.

To meet the heightened Rule 9 pleading standard, the complaint must identify the "who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Henning v. Arya*, No. 2:14-cv-00979-RFB-GWF, 2018 WL 3231236, at *10 (D. Nev. July 1, 2018) (citation omitted). A fraud claim against multiple defendants must identify "the role of each defendant in [the alleged fraudulent] scheme." *Moore v. Kayport Package Exp.*, Inc., 885 F.2d 531, 541 (9th Cir. 1989) (internal quotation marks and citation omitted).

Zanon broadly alleges that Beauty by Design and Red Rock Surgery Center made false representations in their advertising. (ECF No. 1-1 ¶ 11). She points to statements like "Dr. Troell believes that the quality of your *entire surgical experience will be unsurpassed*" and Red Rock Surgery Center will "[d]eliver you a *first class* experience." (ECF No. 1-1 ¶ 11 (emphasis in original)).

Yet advertising is generally nonactionable "blustering and boasting upon which no reasonable buyer would rely." *ITEX Corp. v. Glob. Links Corp.*, 90 F. Supp. 3d 1158, 1167 (D. Nev. 2015) (internal quotation omitted); *see also Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992). General claims of superiority—like "world renowned" plastic surgeon—are also mere puffery. *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134,

1145 (9th Cir. 1997). These statements are general advertising claims, not statements of fact that can undergird a fraudulent misrepresentation claim.

And even if these statements were actionable, Zanon does not plausibly allege that defendants knew or believed these representations were false. Zanon may be able to plausibly allege actionable false representations made by Beauty by Design or Red Rock Surgery Center. Her fraudulent misrepresentation claim is DISMISSED with leave to amend.

### C.  Unspecified Claims against David Malitz M.D. PC and Dr. David Malitz

Zanon alleges that defendants David Malitz M.D. PC and Dr. David Malitz "owned and operated the facility at the time of relevant events; and that the actions complained regarding Red Rock Surgery Center involved actionable torts by all three resulting in the basis for the claims for damages alleged herein." (ECF No. 1-1 ¶ 4).

Based on this allegation alone, it is unclear if these two Malitz defendants are being sued for fraudulent misrepresentation, professional negligence, or both, and under what theory of liability. There are no allegations that Dr. Malitz had a direct role in the medical procedure or that he made any fraudulent misrepresentations in a personal capacity. (ECF No. 9 at 10).

That leaves only derivative theories of liability naming the two Malitz defendants. But an individual can be liable for the misdeeds of a corporation only if "the person acts as the alter ego of the corporation." Nev. Rev. Stat. § 78.747. The elements of alter ego liability in Nevada are: "(1) the corporation must be influenced and governed by the person asserted to be the alter ego; (2) there must be such unity of interest and ownership that one is inseparable from the other; and (3) the facts must be such that adherence to the corporate fiction of a separate entity would, under the circumstances, sanction [a] fraud or promote injustice." *LFC Mktg. Grp., Inc. v. Loomis*, 8 P.3d 841, 846–47 (Nev. 2000).

The court considers the following fact-intensive factors in deciding whether alter ego liability attaches: (1) commingling of funds; (2) undercapitalization; (3) unauthorized diversion of funds; (4) treatment of corporate assets as the individual's own; and (5) failure

to observe corporate formalities. *Id.* at 847. Zanon does not allege the three elements of alter ego liability and facts supporting each element. *See Donovan v. Flamingo Palms Villas, LLC*, No. 2:08-cv-01675-RCJ-RJJ, 2009 WL 10693913, at *6 (D. Nev. June 23, 2009).

Yet the court will not dismiss David Malitz M.D. PC and Dr. David Malitz at this time as Zanon may be able to state a claim or derivative theory of liability against these two defendants.

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motions to dismiss (ECF Nos. 4, 9) be, and the same hereby are, GRANTED in part and DENIED in part. The court declines to dismiss Zanon's professional negligence claim under NRS 41A.071. Zanon's fraudulent misrepresentation claim is DISMISSED with leave to amend.

IT IS FURTHER ORDERED that Zanon may file an amended complaint within 21 days of this order. Failure to do so will result in dismissal of this case with prejudice. Zanon should enumerate her claims and the implicated defendants under each claim consistent with the foregoing.

DATED July 23, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 8 -