1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

FABIENNE ZANON,

        Plaintiff,

   v.

BEAUTY BY DESIGN; RED ROCK
SURGERY CENTER; ROBERT TROELL
MD LTD; ROBERT TROELL; DAVID
MALITZ, MD PC; DAVID MALITZ MD; and
DOES and ROES 1 through 10,

        Defendants.

Case No.: 2:20-cv-02080-JCM-EJY

**ORDER**

On June 8, 2022, the Court granted Defendants Las Vegas Surgery Center, LLC DBA Red Rock Surgery Center, Davit Malitz MD PC, and David Malitz MD's Motion to Compel Discovery Responses.[1]  Order at ECF No. 50.  The Court's Order included an award of reasonable attorney's fees and costs.  *Id*.  Defendants filed their Memorandum in support of the award of fees on June 15, 2022.  ECF No. 51.  The due date set by the Court for a response to Defendants' Memorandum was June 22, 2022.  No response was filed.

**I.  Discussion**

The U.S. District Court for the District of Nevada has largely adopted the hybrid lodestar/multiplier approach, used by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), as the proper method for determining the amount of attorney's fees due in most actions.  The lodestar/multiplier approach has two parts.  First, the court determines the lodestar amount by multiplying the number of hours reasonably expended on a motion by a reasonable hourly rate. *Hensley*, 461 U.S. at 433.  To get to this calculation, the party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed.  *Id.*  The district court will then, generally, exclude from the lodestar amount hours that are not reasonably expended because they

---

[1]    Las Vegas Surgery Center, LLC DBA Red Rock Surgery Center, Davit Malitz MD PC, and David Malitz MD are defined herein as "Defendants."

1

are "excessive, redundant, or otherwise unnecessary." *Id.* at 434. Second, after calculating the total amount requested, the court may adjust the lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial calculation. *Blum v. Stenson*, 465 U.S. 886, 898–901 (1984) (reversing upward multiplier based on factors subsumed in the lodestar determination); *Hensley*, 461 U.S. at 434 n.9 (noting that courts may look at "results obtained" and other factors but should consider that many of these factors are subsumed in the lodestar calculation).

> A.   The Hourly Rate Charged.

The Memorandum filed by Defendants explains that attorney Michael Esposito drafted the documents filed with the Court for which attorney's fees were awarded. Mr. Esposito has seven years of experience litigating commercial disputes and is recognized in Nevada as among the "legal elites." ECF No. 51 at 4. Mr. Esposito's billing rate on the matter was $175 per hour. This rate is below the rate often approved by the Court for experienced associate work. *Doud v. Yellow Cab of Reno, Inc.*, Case No. 3:13-cv-00664-WGC, 2015 WL 5286996, at **4-5 (D. Nev. Sept. 10, 2015); *Incorp Services, Inc. v. Nevada Corporate Services, Inc.*, Case No. 2:09-cv-1300-GMN-GWF, 2011 WL 3855462, at *1 (D. Nev. Aug. 29, 2011) (holding "[a]n hourly fee ranging between $250–$350 an hour is reasonable for experienced associates in the Las Vegas legal market"); *Chemeon Surface Technology, LLC v. Metalast International, Inc.*, Case No. 3:15-cv-00294-MMD-VPC, 2017 WL 2434296, at *1 (D. Nev. June 5, 2017) (collecting reasonable rate information for Nevada). Accordingly, the Court approves the hourly rate charged for Mr. Esposito.

> B.   The Amount of Time Spent.

The Court also finds the amount of time spent on the Motions to Compel is reasonable. "District courts possess the necessary discretion to adjust the amounts awarded to address excessive and unnecessary effort expended in a manner not justified by the case." *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). This includes "time spent reviewing work of other attorneys as duplicative" (*Melancon v. Harrah's Entertainment, Inc.*, Case No. 2:08-cv-00212-RCJ-RJJ, 2010 WL 11639687, at *4 (D. Nev. Feb. 26, 2010)), as well as entries on time reports that fails "to delineate what work was performed in each entry" and thus appear duplicative. *American General Life Ins. Co. v. Futrell*, Case No. 2:11-cv-00977-PMP-CWH, 2012 WL 4962997, at *4 (D. Nev. Oct.

2

16, 2012).  Ultimately, it is always the moving party's burden to establish that the fees sought are reasonable.  *Soule v P.F. Chang's China Bistro, Inc.*, Case No. 2:18-cv-02239-GMN-GWF, 2019 WL 3416667, at *1 (D. Nev. July 26, 2019) (citation omitted).  The amount of time spent for which reimbursement is requested in this case totals 12 and 5/10th hours.  A review of the billing records demonstrate the time was spent engaged in reasonable, non-duplicative, and necessary work.

**II.    Order**

Accordingly, IT IS HEREBY ORDERED that the Memorandum of Attorneys' Fees (ECF No. 51) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Fabienne Zannon **must** make payment to Defendants in the following amount within **30 days of the date of this Order** unless an objection is filed:

$2,193.50 in attorney's fees.

Dated this 23rd day of June, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE