UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| FABIENNE ZANON,<br><br>  Plaintiff,<br><br>  v.<br><br>BEAUTY BY DESIGN; RED ROCK SURGERY CENTER; ROBERT TROELL MD LTD; ROBERT TROELL; DAVID MALITZ, MD PC; DAVID MALITZ MD; and DOES and ROES 1 through 10,<br><br>  Defendants. | Case No. 2:20-cv-02080-JCM-EJY<br><br>**REPORT and RECOMMENDATION** |

On June 21, 2022, Defendants Las Vegas Surgery Center, LLC dba Red Rock Surgery Center, David Malitz MD PC, and David Malitz M.D. filed a Motion for Case Dispositive Sanctions. ECF No. 52. The Motion sought to strike Plaintiff's First Amended Complaint and award monetary sanctions. No response to the Motion was filed. On July 6, 2022, the Court issued an Order requiring Plaintiff to show cause, in writing, no later than July 27, 2022, why the Court should not recommend Plaintiff's First Amended Complaint be struck. ECF No. 56 (the "OSC"). The Court stated that failure to respond to the Order would result in a recommendation that Plaintiff's First Amended Complaint be stricken and judgment entered in favor of Defendants. *Id.* at 2-3. After initially being returned as undeliverable, the Clerk of Court re-mailed the OSC. On August 19, the OSC was again returned as undeliverable (ECF 61). The Order granting Defendants' attorneys' fees was also returned as undeliverable on September 29, 2022 (ECF 64). As of the date of this recommendation, Plaintiff has not contacted the Court, provided updated contact information or responded to the OSC.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate ... dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action or failure to obey a court order. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an

order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution or failure to obey a court order, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Ferdik*, 963 F.2d at 1260-61. Here, the first two factors weigh in favor of dismissal. This matter has languished as Plaintiff appears to have abandoned the action. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The public policy interest in disposition of cases on their merits is outweighed by the other factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *See*, *e.g.*, *Ferdik*, 963 F.2d at 1262; ECF No. 56 at 1-2 ("Failure to respond to this Order [to Show Cause] will result in a recommendation that Plaintiff's First Amended Complaint be stricken and judgment entered in favor of Defendants.").

Accordingly, and based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff Fabienne Zannon's First Amended Complaint be stricken by the Court and judgment entered in favor of Defendants.

Dated this 28th day of October, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).